FILED
AUG 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH, #10893-022 )
PHB 1000 )
    Plaintiff, )
TALLADEGA, AL 35160 )     Case No.
Vs. )
 )
ALBERTO GONZALES, )
UNITED STATES ATTORNEY GENERAL, )
IN HIS PERSONAL AND OFFICIAL )
CAPACITY, )
 )
HARLEY G. LAPPIN, DIRECTOR, )
BUREAU OF PRISONS, IN HIS )
PERSONAL AND OFFICIAL CAPACITY, )
 )
MR. FLENT )
SOUTHEAST REGIONAL DIRECTOR )
OF THE BUREAU OF PRISONS, IN )
HIS PERSONAL AND OFFICIAL )
CAPACITY, )
 )
D.B. DREW, )
WARDEN OF THE FEDERAL )
CORRECTIONAL INSTITUTE AT )
TALLADEGA, IN HIS PERSONAL )
AND OFFICIAL CAPACITY, )
 )
    Defendants. )

CASE REASSIGNED
SEP 29 2005
BATES, J. JDB

CASE NUMBER 1:05CV01629
JUDGE: Unassigned
DECK TYPE: TRO/Preliminary Injunction
DATE STAMP: 08/12/2005

COMPLAINT

PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT
TITLE 5 U.S.C. §§ 552, 553

Comes now, plaintiff and for his cause of action against the defendants alleges:

RECEIVED
AUG - 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURISDICTION

This court has jurisdiction over this cause of action pursuant to Title 5 U.S.C. §§ 702 and 703.

1. On or about June 24, 2005, defendants, by and through correctional officer staff at FCI Talladega, held a town hall

1

meeting to inform plaintiff and the entire inmate population that pursuant to the "Tobacco Free Initiative" (see Memorandum To All Inmates attached hereto as Exhibit "A"), that starting July 1, 2005, the inmate commissary will no longer be stocking tobacco products and that on September 12, 2005, all tobacco products would be considered contraband in and around the institution and its property. No prior notice was given as required by 5 U.S.C. § 552(a) et. al. and § 553 et.al.

2. On or about June 24, 2005, the same day of the above announcement a run on tobacco products started at the inmate commissary. Two days later, the commissary was effectively sold out of tobacco products. Due to the rotation of release from the housing units to the commissary only those units first out were able to purchase tobacco products. For instance, the commissary only stocked so much at the store. Therefore, the store was sold out of tobacco products after the first two housing units for that day. The next day the commissary would re-stock from the warehouse. Again the same units would buy out the store. A vast majority of the tobacco products sold went to fill the new black market.

3. Soon thereafter, within days of the announcement, the institution experienced a rash of locker break-ins, including plaintiff's locker, where only tobacco products were taken; there have been instances of extortion and threats of extortion of inmates. The price of one cigarette is from 40¢ to 50¢. A pack of rolling tobacco is $10.00 to $12.00. All within days of the announcement and posting of the Memorandum, and before

the cut off date to purchase tobacco products from the inmate commissary.

4. Because defendants failed to give the required notice pursuant to 5 U.S.C. §§ 552(a) and 553(c) of the Administrative Procedure Act; plaintiff has suffered and is continuing to suffer mental and physical withdrawals from a 30 year smoking habit where he is unable to purchase tobacco products from the commissary.

5. Because of the defendants failure to comply with provision of the Administrative Procedure Act requiring each agency to make available information and publish in the Federal Register for guidance according to 5 U.S.C. § 552(a) et.al. has caused and will cause plaintiff to suffer exclusion from any program utilizing Nicotine Replacement Therapy(NRT) in stemming his 30 year nicotine addiction because there is no viable program for indigent inmates for which plaintiff is one.

6. Because defendants failed to comply with provisions of the act, plaintiff has suffered and continues to suffer in an environment of violent graft and corruption where defendants failure has created a black market for tobacco products where extortion threats and locker break-ins are rampant.

7. Due to the defendants failure to comply with sections 553(a)of Title 5 there exists now and will exist in the future a terrifying magnitude of graft and corruption within the correctional staff because they are exempt from any tobacco ban and are free to bring into the institution any tobacco products they choose.

3

8. Therefore, that defendants in violation of sections 3 and 4 of the Administrative Procedure Act, 5 U.S.C. §§ 552 and 553, failed to publish in the Federal Register notice of Rule making and the text of numerous rules and regulations issued in the administration of Federal penal and correctional institutions by reason of which failures the plaintiff suffered, and was threatened by loss of rights and privileges and became entitled to injunctive relief.

9. Plaintiff has already suffered and continues to be immediately threatened by severe and irreparable injuries by the reason of the defendants' failure to comply with the requirements of the Administrative Procedure Act.

10. Plaintiff will now, and in the future continue to be without adequate notice of knowledge of the Rules and requirements embodied in the so-called "Tobacco Free Initiative", promulgated by defendants.

11. Accordingly, plaintiff is now, and will in the future continue to be, denied adequate opportunities to contest the validity of such Rules, to participate in the formulation of such Rules, to contest the application of such Rules. As a result plaintiff is threatened by loss of privileges and rights by the imposition of disiplinary measures and other severe losses and injuries.

12. Wherefore, plaintiff prays for judgment against defendants for injunctive relief pursuant to Title 5 U.S.C. § 705.

Executed this __8-4-05__ Day of August, 2005 A.D.

_Michael A. Smith_
Michael A. Smith
Plaintiff

Michael A. Smith
Reg. No. 10893-002
PMB 1000
Talladega, AL. 35160

5.



UNITED STATES GOVERNMENT

# memorandum

Federal Correctional Institution
Talladega, Alabama 35160

June 24, 2005

MEMORANDUM FOR ALL INMATES

FROM:   D. B. Drew, Warden

SUBJECT:   Tobacco Free Initiative

FCI Talladega is acting on the initiative to become a tobacco free institution. Effective July 1, 2005, the Commissary will no longer re-order tobacco products for sale. All remaining tobacco products will continue to be sold until August 29, 2005. After this date, tobacco products will no longer be sold in the commissary.

Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding government property.

A Smoking Cessation Program is available to all interested inmates. An associated component of this program is Nicotine Replacement Therapy (NRT). Nicotine Replacement patches are available for purchase through the Commissary by Special Purchase Order (SPO). Purchase of nicotine replacement patches will not count against the inmates monthly purchase limit. See the Psychology Services Department for enrolling into this program.

Religious ceremonies requiring tobacco products will be coordinated with the Religious Services Department and Correctional Services.

If you have any questions or concerns, you may contact your Unit Manager.

FILED
05 1629
AUG 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Affidavit of
## Michael A. Smith

I, Michael A. Smith is the Plaintiff in this action pursuant to provisions of the Administrative Procedures Act and prays under under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. That all facts alleged in Plaintiff's pleadings submitted in this matter are true and correct to the best of my knowledge. That all diligence has bee taken to assure same.

That Plaintiff was and currently incarcerated at the Federal Correctional Institution at Talladega, Alabama. That on or about June 24, 2005, there was a town hall meeting held prior to the 4:00 P.M. inmate count in the housing unit of Sigma A. The topic of the town hall meeting was to inform all inmates that starting July 1, 2005, the commisary will no longer order tobacco products, and further that after the current stock is sold out the commissary will not reorder.

On Plaintiff's shopping day, due to meal rotation, Sigma A was the 5th. to be released for meals. Upon release Affiant proceeded to the commissary to shop. When Affiant was called to pick up his purchases, he was informed that all tobacco products had been sold out. That same day while Affiant was taking a shower he returned to his cell and found that all his cigarettes had been stolen from his locked locker.

Affiant then sought to buy or borrow a cigarette and discovered that one cigarette was selling for 40¢ to 50¢ and a pack of rolling tobacco was going for $10.00 to $12.00.

The following day Affiant iquired at Health Services regarding

FILED
AUG 12 2005
05 1629
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

possible enrolement in the smoking cessation class program and the availablility of Nicotine Replacement Therapy (NRT) for people who don't have the funds for a cash lay-out to purchase the patches. The staff at Health Services informed the Affiant that they do not have or know of any program in the works for such persons.

Affiant then sought further information on the so called Tobacco Free Initiative, through any publications that could be found in the Institutional Law Library, such as Federal Bureau of Prisons Program Statements, Code of Federal Regulations, Statutory Cites, and found nothing on this subject.

The implementation of the Tobacco Free Initiative took the Affiant and the inmate population by surprise. It was widely thought that when the smoking shacks were built adjacent to every housing unit and the subsequent ban on smoking in the units would have met the requirements of the ban on smoking in Federal Buildings passed by Congress.

Affiant has smoked for the past 30 Years. The sudden loss of the use of tobacco products has drove the Affiant into a severe state of depression from mental and physical nicotine withdrawals and continues to suffer from continued deprivation.

Signed *Michael A. Smith*
Michael A. Smith

Notary

*mmiller*

2.

# AFFIDAVIT OF SERVICE BY MAIL

I, Micael A. Smith, being first duly sworn, deposes and states th[at] on the ___4th___ Day of ~~July~~ Aug, 2005, he served the attached com plaint pursuant to the Administrative Procedure ACt Title 5 U.S.C. §§552, 553, and 702; Motion for Temporary Injunction, pursuant to Federal Rules of Civil Procedure, Rule 65(a)(d); Affidavit of Micael A. Smith upon each and every defendant listed below, by de- postiting a true and correct copy thereof in the United States Postal Service Mail receptacle at the Federal Correctional Institution mail located at Talladega, Alabama, with postage prepaid, in an envelope directed and addressed to said defendants listed below at:

Roberto Gonzales
United States Attorney General
10th. & Constitution Avenue
Washington, D.C. 20530

Harley Lappin
Director, Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20530

Mr. Flent
South East Regional Director
523 McDonough Blvd. S.E.
Atlanta, GA. 30315

Warden, D.B. Drew
Federal Correctional Institute
Talladega,
565 East Renfroe Road
Taladega, AL. 35160

Signed _Michael A. Smith_
Michael A. Smith
Fed. Reg. #10893-002
PMB 1000
Talladega, AL. 35160

_Michael A. Smith_