FILED
AUG 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH, )
)
    Plaintiff )
)
Vs. )
)
ALBERTO GONZALES )
UNITED STATES ATTORNEY GENERAL )
IN HIS PERSONAL AND )
OFFICIAL CAPACITY, )
)
HARLEY G. LAPPIN, DIRECTOR, )
BUREAU OF PRISONS, IN HIS )
PERSONAL AND OFFICIAL CAPACITY )
)
MR. FLENT, )
SOUTHEAST REGIONAL DIRECTOR )
OF THE BUREAU OF PRISONS, IN HIS )
PERSONAL AND OFFICIAL CAPACITY, )
)
D.B. DREW, )
WARDEN OF THE FEDERAL )
CORRECTIONAL INSTITUTE AT )
TALLADEGA, IN HIS PERSONAL )
AND OFFICIAL CAPACITY, )
)
    DEFENDANTS. )
_____/

CASE NUMBER 1:05CV01629

JUDGE: Unassigned

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/12/2005

MOTION FOR TEMPORARY INJUNCTION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE
RULE 65(a) and (d) AND
THE ADMINISTRATIVE PROCEDURE ACT,
TITLE 5 USC § 705

Comes now, plaintiff in the above styled cause and moves this court for a temporary injunction to enjoin defendants from the immediate and irreparable injury to plaintiff by the continued implementation of the so called "tobacco free initiative" in violation of the provisions of the Administrative Procedure Act and will show the court as follows:

RECEIVED
AUG - 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the spring of 2004, the administration at the Federal Cor-

rectional Institute at Talladega Alabama completed construction of smoking pavillions equipped with electric cigarette lighters, loccated at each of the housing units. Upon completion of the pavillions a memorandum was posted by prison staff, stating that smoking was no longer allowed within the housing units or anywhere on the compound except within the new pavillions. Consequently the sale of matches by the inmate commissary was discontinued. The total cost to the tax payer was approximately $24,000.00 for this project.

On or about June 24, 2005 a 'town hall meeting' was called in each housing unit and the inmate population was advised that FCI Talladega was going to act upon the initiative and become a tobacco free institution. Effective July 1, 2005, the inmate commissary would no longer re-order tobacco products for sale to inmates. All tobacco products in stock would continue to be sold until August 29, 2005. After this date, tobacco products would not be sold by the inmate commissary.

"Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within institution or surrounding property. After September 12, 2005, Cigars, Cigarettes, Pipes, and other lighted tobacco products, chewing tobacco and other smokeless tobacco products will be considered contraband within institution and surrounding property.

A Smokeless Cessation Program is available to all interested inmates. An associated component of this program is Nicotine Replacement Therapy (NRT). Nicotine replacement patches are available for purchase through the commissary by special purchase order (SPO).

Purchase of Nicotine Replacement Patches will not count against the inmate monthly purchase limit. See Psychology Services Department for enrolment into this program.

Religious ceremonies requiring tobacco products will be coordinnated with Religious Services Department and Correction services.

If you have any questions or concerns, you may contact your unit manager." (see United States Government Memorandum attached hereto and incorporated herein by reference).

The very evening of the above announcement a buying frenzy on tobacco products started at the inmate commissary. And only two days later all tobacco products were sold out. Consequently due to the housing units meal release rotation for that week, all of the available tobacco products were made available and sold to the same inmates over the two day period and inmates unfortunate enough to have been released after the third or fourth unit were unable to purchase any tobacco products over these two days as the commissary only stocked a limited supply each day.

As it turned out the majority of the tobacco products were purchased by non-users, who then started a black market activity in tobacco product sales, charging from $0.40 to $0.50 per cigarette and $10.00 to $12.00 for a package of rolling tobacco. All of the black market activity began within two days of the above announcement.

As a subsequent result inmate lockers have become a target for break-ins, fights and extortion have become widespread over the sale of tobacco products between inmates, and depression has become

3.

rampant at the institution among the tobacco products users. While inmates who cannot afford the black market prices are forced to quit "cold turkey". The cost of the Nicotine Patches, at $85.00 minimum per month, excludes indigent inmates from accessing this treatment program, and at this time there has been no alternative proposed to consider this problem.

It has been revealed that the correctional staff are to be exempt from the rules of the so-called "Tobacco Free Initiative". Thus the avenue for graft and corruption has been created. At other institutions where this policy has been implemented and staff were exempt a pack of cigarettes have been known to sell for $50.00 when made available by prison staff.

Plaintiff has suffered and continues to suffer and feels threatened by this situation and suffers severe and irreparable injuries by reason of Defendants' failure to comply with the full requirements of the Administrative Procedure Act. Therefore, no less than an immediate temporary injunction will ensure that no further harm comes to plaintiff until this court rules on this instant matter.

Additionally, a temporary injunction is necessary as the defendants' have been and continue to be in violation of sections 3 and 4 of the Administrative Procedure Act, 5 USC §§ 552 and 553, whereby the defendants' failed to publish in the Federal Register, notice of rule making and the texts of numerous rules proposed for the administration of federal penal and correctional institutions, by which failure plaintiff suffered and is threatened with loss of rights and privilages.

4.

Further plaintiff would ask this court to issue a protective order in this matter as he feels retaliation is a certainty.

Wherefore plaintiff prays this honorable court issue a temporary injunction enjoining defendants from implementing the "Tobacco Free Initiative", until this complaint is heard and decided by this court.

Executed this _8-4-05_ Day of August, 2005 A.D. at Talladega Alabama.

*Michael A. Smith*
Michael A. Smith
pro se plaintiff
Federal Register No. 10893-002
PMB 1000
Talladega, AL. 35160



UNITED STATES GOVERNMENT

# memorandum

Federal Correctional Institution
Talladega, Alabama 35160

June 24, 2005

MEMORANDUM FOR ALL INMATES

FROM:      D. B. Drew, Warden

SUBJECT:   Tobacco Free Initiative

FCI Talladega is acting on the initiative to become a tobacco free institution. Effective July 1, 2005, the Commissary will no longer re-order tobacco products for sale. All remaining tobacco products will continue to be sold until August 29, 2005. After this date, tobacco products will no longer be sold in the commissary.

Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding government property.

A Smoking Cessation Program is available to all interested inmates. An associated component of this program is Nicotine Replacement Therapy (NRT). Nicotine Replacement patches are available for purchase through the Commissary by Special Purchase Order (SPO). Purchase of nicotine replacement patches will not count against the inmates monthly purchase limit. See the Psychology Services Department for enrolling into this program.

Religious ceremonies requiring tobacco products will be coordinated with the Religious Services Department and Correctional Services.

If you have any questions or concerns, you may contact your Unit Manager.



FILED
05 1629
AUG 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT