UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. SMITH | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Electronic Case Filing |
| | ) Civil Action No. 05-1629 (JDB) |
| ALBERTO GONZALES, et al. | ) |
| | ) |
| | ) |
|        Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION TO DISMISS

Defendants, Alberto Gonzales, Attorney General of the United States and Harley G. Lappin, Director of the Bureau of Prisons (hereinafter "BOP"),[1] in their respective official capacities,[2] through and by undesigned counsel, respectfully move this Court to dismiss the

---

[1] Plaintiff also includes a "Mr. Flent, Southeast Regional Director", and D.B. Drew, Warden of Federal Correctional Institute at Talladega, in the caption of his Complaint. No individual by the name of Mr. Flent is employed by the BOP in the Southeast Regional Office. Additionally, Attorney General Gonzalez and Warden Drew have never been served. See USDC Packer Docket, generally.

[2] Plaintiff indicates that he is suing Messers. Gonzalez, Lappin, Flent and Drew in their personal and official capacities. *See* Compl.'s Caption. The Complaint is brought under the Administrative Procedures Act ("APA"), seeking injunctive relief only. *See* Compl. ¶ 12. The proper defendant in this an APA matter of kind is "the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703.

Further, because injunctive relief, regarding the propriety of the Tobacco Free Initiative in question, can only be pursued against federal defendants in their official capacities, Plaintiff's claim cannot proceed in the fashion he suggests. *See Brancaccio v. Reno*, 964 F. Supp. 1, 2 n.4 (D.D.C. 1997) (plaintiff failed to state a claim against federal officials in their individual capacities where allegations made against them referred to actions that could only be performed by the defendants in their official capacities and where plaintiff requested injunctive relief which could only be performed by defendants in their official capacities). Accordingly, here, no named individual may be deemed a defendant in his individual capacity.

instant Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6) because of insufficiency of service of process and also because Plaintiff has failed to state a claim upon which relief can be granted.

For reasons specified in its supporting Memorandum of Points and Authorities, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

_____s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____s/_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. SMITH )<br>)<br>        **Plaintiff,** )<br>)<br>       v. )<br>)<br>)<br>ALBERTO GONZALES, et al. )<br>)<br>)<br>        **Defendants.** )<br>_____)  | Civil Action No. 05-1629 (JDB)<br> ECF |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiff sole complaint is that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") by instituting a Tobacco Free Initiative (the "Initiative" or "TFI") at the institution in which he is incarcerated, by failing to provide him with an opportunity to comment. The initiative did not require notice and comment because it is merely institutional-wide policy based on internal agency guidance. Accordingly, the Complaint should be dismissed.

**I.  INTRODUCTION**

Plaintiff, Michael A. Smith, federal register number 10893-002, is an inmate currently incarcerated at the Federal Correctional Institution in Talladega, Alabama (FCI Talladega). He is serving a 96-month term of incarceration, with 5 years supervised release, for Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute 50 Grams or more of Methamphetamine, in violation of Title 21 U.S.C. § 846. His projected release date is December 22, 2007, via good conduct time release.

3

On or about June 24, 2005, FCI Talladega's Warden Drew announced the impending implementation of a tobacco free initiative ("TFI" or the "Initiative") at the institution. *See* Warden Drew's Memorandum, Exh. 1 of Compl. ("Drew Memo"). The Initiative was an outgrowth of the BOP Program Statement 1640.04, Titled Smoking/No Smoking Areas ("Program Statement"). Exh. 1. Plaintiff alleges that the Initiative violates the rule making requirements of the Administrative Procedure Act (APA) because he was not provided with "the required notice" under 5 U.S.C. §§ 552 and 553. Compl. ¶¶ 1, 4, 5, 7, and 8.

Plaintiff claims that, as a long-time smoker, the lack of notice caused him physical and emotional injury and "other" unspecified "losses and injuries." Compl. ¶ 11. The Initiative was based on the Program Statement, codified at 28 C.F.R. §551.160 *et. seq.*, had indeed been posted for comments in the Federal Register on March 24, 2004. *See* 69 FR 13735, 2004 WL 578669. A copy of the document is herewith attached as Exh. 2, for ease of reference.

## II. LEGAL ARGUMENTS

### A. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause of action. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. *Conley*, 355 U.S. 45-46. Generally Speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

Nonetheless, there are important exceptions to this general principle. One such exception applies here. The Court may properly take judicial notice of public documents or court records without converting a motion to dismiss into a motion for summary judgment. *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications*,104 F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.") Here, although defendants submit two exhibits, it consists of a BOP Program Statement and an Agency's Final Rule. Therefore, this motion should be reviewed as a motion to dismiss.

B. **The Warden Drew Did Not Violate the APA When He Implemented the Tobacco Free Initiative.**

The APA requires that before an agency promulgates "legislative rules or regulations," it must first provide all interested parties with notice of the proposed rule, the legal authority under which the rule is proposed, and it must allow the interested parties to comment and participate in the rulemaking process. *See* 5 U.S.C. §§ 553(b) and (c). The subsection of the APA requiring notice and comment prior to promulgation of "legislative rules or regulations,"

5

however, does not apply to the "interpretive rules, general statements of policy, or rules of agency organization, procedure or practice[.]" 5 U.S.C. §553(b)(A). The APA does not define "interpretative rule" or "general statements of policy." However, courts have said that the basic distinction between interpretive rules and legislative rules is that the latter create rights and obligations that are "not already outlined in the statute itself," *Guernsey Memorial Hospital*, 514 U.S. at 99 (internal quotations omitted); *see Syncor Int'l Corp. v. Shalala*, 127 F.3d 90, 94 (D.C. Cir. 1997). More generally, "internal agency guideline[s]," are "not subject to the rigors of the [APA], including public notice and comment." *Phillips v. Hawk*, No. 98-5513 (D.C. Cir., April 14, 1999) 1999 WL 32548 (citing *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997), *cert. denied*, 523 U.S. 1009 (1998)).

The BOP's program statements are internal agency interpretations of its statutory and regulatory provisions, that is, they are internal agency statements of explanation that are consistent with regulations they clarify. *See Parson v. Pitzer*, 149 F.3d 734, 738 (7th Cir. 1998). Such policy statements are not substantive rules, but rather interpretative statements of position, circulated within an agency to provide administrative guidance. Accordingly they are not subject to APA rulemaking requirements. *See Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). Under 5 U.S.C. §553(b)(A), formal rulemaking does not apply to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice."

Here, in March 2004, the BOP issued Program Statement P1640.04, Titled Smoking/No Smoking Areas ("Program Statement"). This Program Statement was to become effective on July 15, 2004, and it states:

> <u>Purpose and Scope §551.160</u>. To advance towards becoming a clean air environment and to protect the health and safety of staff and inmates, the

>> Bureau of Prisons will restrict areas and circumstances where smoking is permitted.

Program Statement at 1. The Program Statement goes on to explain:

> Designated Smoking Areas §551.162
> a. The Warden must designate a smoking area for use in instances where smoking is part of an authorized inmate religious activity.
> b. (1) The Warden may designate only outdoor smoking areas for general inmate use (that is for smoking which is not part of an authorized religious activity). These smoking areas must be clearly identified.
> (2) The Warden . . . may choose not to designate smoking areas for general use . . . .

Program Statement at 5.

Warden Drew decided to take option (b)(2) above for the reasons outlined in the Program Statement when he wrote "FCI Talladega is acting on the initiative to become tobacco free." Drew Memo. Because this initiative is based on that internal guideline, it is not subject to any of the APA requirements, including any need for notice and comment. Plaintiff has not referenced this Program Statement, but alleges that the Initiative is subject to the APA. On its face, it is clear that the Initiative was based on and is wholly rooted in the Program Statement. For example, in part 551.162(b)(2), as outlined above in the Program Statement, states that the Warden may choose *not* to designate smoking areas for general use. The program statement is no more than an internal agency procedure that is "akin to an 'interpretive rule.'" *Reno v. Koray,* 515 U.S. 50, 61 (1997) (quoting *Shalala v. Guernsey Memorial Hospital*, 514 U.S. 87, 99-100 (1995)). As such, it constitutes a statement of policy or rules of agency practice or procedure and is not subject to the APA. In this regard, the program statement simply articulates BOP's general policy on how to address the issue of smoking and presence of tobacco products in the facility. Ostensibly, Plaintiff would have BOP retain the prior rules, which permitted inmates to

smoke outside, base on the same P.S. Accordingly, the Initiative has not been put forth by a BOP regulation subject to he APA rule-making procedures.

The BOP internal agency policy that addresses smoking in BOP facilities is consistent with and follows the rules published at 28 C.F.R. §551.160 *et seq*. Those rules, in pertinent part, remain in tact, as outline above. Indeed, those rules were published and were subject to comments by all interested parties, in June 2004, Plaintiff seems to have missed his opportunity to comment on those rules and internal policies based on same. His belated attempt to change the situation should not be permitted to succeed.

C. **Plaintiff Has Failed to Serve the United States Attorney General with the Complaint.**

Plaintiff has failed to achieve service of process on the Defendants within the time permitted under Federal Rules of Civil Procedure. Rule 4 governs service of process and it requires, for cases such as this against an agency of the federal government, that plaintiff serve the agency, the U.S. Attorney General, and the appropriate U.S. Attorney's Office. See Rule 4(i). The U.S. Attorney General has not been properly served and the docket sheet reflects that as well. Defendant's first actual notice of the lawsuit came when a copy of Plaintiff's Complaint was served on the United States Attorney for the District of Columbia on October, 12, 2005. The docket sheet reveals that the plaintiff filed his Complaint on August 12, 2005, which is just over six months ago, i.e., two months after the 120 day time limit in Rule 4(m). Accordingly, dismissal is permitted for failure of service of process under Rule 12(b)(5).

### III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

                                        Respectfully submitted,
                                                              /s/

                          KENNETH L. WAINSTEIN, DC Bar #451058
                          United States Attorney

                                                              /s/

                          R. CRAIG LAWRENCE, DC Bar #171538
                          Assistant United States Attorney

                                                              /s/

                          MERCEDEH MOMENI
                          Assistant United States Attorney
                          555 4th Street, N.W.
                          Civil Division
                          Washington, DC  20530
                          (202) 305-4851

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2006, I caused the foregoing Motion

To Dismiss to be served on plaintiff, postage prepaid, addressed as follows:

**MICHAEL A. SMITH**
**R#10893-022**
**Talladega F.C.I.**
**PMB 1000**
**Talladega, AL 35160**

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)