UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH,
    Plaintiff,

V.                                       Civil Action No.
                                       05-1629 (JDB)

ALBERTO GONZALES, et. al.,
    Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

    Plaintiff, Michael A. Smith, acting pro se in the above matter now before this Court, respectfully Moves the Court to Deny the Defendants' Motion to Dismiss, based upon the reasons specified in Plaintiff's Memorandum of Points and Authorities.

    Plaintiff has perfected service of process and has stated a claim for which relief can be granted.

                                              Respectfully Submitted,

                                              /s/ Michael A. Smith
                                              Michael A. Smith
                                              Plaintiff, pro se

                                              Michael A. Smith
                                              Reg. No. 10983-022
                                              Federal Correctional Inst.
                                              Talladega, Al. 35160

**RECEIVED**

JUN 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH,
    Plaintiff,

V.
                                                  Civil Action No.
                                                  05-1629 (JDB)

ALBERTO GONZALES, et. al.,
    Defendants.

_____/

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants' claim that the Complaint should be dismissed because of insufficiency of service of process, and that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff now asserts that Defendants' Motion to Dismiss should be DENIED for the following reasons:

### 1. INTRODUCTION

Plaintiff, Michael A. Smith, is an inmate currently incarcerated at the Federal Correctional Institution in Talladega, Alabama, (FCI Talladega).

On or about June 24, 2005, FCI Talladega's Warden Drew announced the impending implementation of the so called tobacco free initiative at the institution. (See Warden Drews' Memorandum, Exhibit 1 of Complaint "Drew Memo".) The memo was an outgrowth of the Bureau of Prisons (BOP), Program Statement 1640.04, titled: Smoking/No Smoking Areas. (See "Program Statement" Defendants Ex.1).

Plaintiff alleges that the initiative violates the rule making requirements of the Administrative Procedures Act (APA), because

he was not provided with "the required notice" under **5 U.S.C. § 522 and 553**. See Complaint ¶¶ 1,4,5,7 and 8.

Plaintiff claims that as a 30 year smoker, the lack of notice caused him physical and emotional injury. See Complaint ¶11. In Plaintiff's Amended Complaint, at numbers 13 and 14, Plaintiff has brought a Constitutional claim and a statutory claim. The Constitutional claim involves a violation of the Federal Constitutions' equal protection component of the Fifth Amendment. The statutory claim involves the Defendants arbitrary and capricious actions, including but not limited to abuse of discretion, and otherwise not in accordance with the law in their enforcement of **28 CFR § 551.162(2)**.

## II. LEGAL ARGUMENTS

The Defendants claim, first of all, that Plaintiff's Complaint should be dismissed because of insufficiency of service of process is no longer an issue. Furthermore, Plaintiff has amended the Complaint to remedy any deficiency that may have been present within the Complaint itself, pursuant to Fed. Rule.Civ.Pro., Rule 15(a), and upon this Court's granting Plaintiff's Motion for Leave to Amend Complaint. Thus, mooting Defendants' insufficiency claim. Additionally, Defendants' claim that the parties have not been properly served, this also, is no longer an issue. The Amended Complaint has been corrected and the parties properly served, pursuant to Fed.Rule.Civ.Pro., Rule 4(i)(1)(B)(2). Thus, the Court should consider this preliminary matter resolved.

Next, the Defendants' asssert that Plaintiff's Complaint should

2

be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff maintains that, that is not the case. In Plaintiff's Complaint at ¶1, it plainly states "...on September 12, 2005, all tobacco products would be considered contraband, in and around the institution and its' property." No prior notice was given as required by 5 U.S.C. §552(a) and §553. It is quite clear that the banning of tobacco products was required to give notice of pursuant to §552(a) and 553. There is nothing in **28 CFR § 555.160** et. seq., that bans out-right, all tobacco products.

The Defendants' claim that the Program Statement P1640.04, are not subject to the A.P.A. standards and that they are simply "internal agency interpretations". The fact remains that **28 CFR § 551.160(2)** is interpreted by Warden Drew as authority to ban, and then sanction the possession of, or smoking or chewing tobacco, of which section § 551.162(1), only allows that the Warden "... may choose not to designate smoking areas for general use." Plaintiff asserts that this is arbitrary and capricious, and an abuse of discretion on Warden Drews' part to so interpret **§551.162(2)**, as he has. Indeed, giving § 551.162(2), force and effect, the Warden could only ban smoking "out of bounds", ie. not in or at a designated smoking area, and nothing involving smokeless tobacco, as it is never addressed.

Moreover, this issue is well within the purview of this Court, pursuant to **§ U.S.C. 706(2)(A)** et. seq. To Wit" Whether it was arbitrary and capricious for Warden Drew to interprete §551.160(2), so far afield, and to impose sanctions that are aginst protected liberty interest(s). See Plaintiff's Motion for Summary Judgment and Amended Complaint.

3

The Defendants claim that Warden Drew's ban on tobacco products does not fall under the purview of the APA because they are just interpretative rules, general statements of policy and internal agency guidelines.

Plaintiff asserts that this is untrue and especially not the case here. As Warden Drew's ban on tobacco products is not an interpretation that can be explicated from "...The Warden... may choose not to designate smoking areas for general use." When he has banned smoking and chewing tobacco, cigarette rolling papers; See Exhibit M, attached hereto. Also, pipes, (See Drew Memo), and any other items that have a nexus with any type of tobacco products. All with harsh sanctions that can or could be imposed.

If there is any time that the APA mandates the notice requirement under **5 U.S.C. §552, 553** it would be this situation or course of events. Or, in the alternative the oversite of **§706**:

> "To the extent necessary to reach decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of terms of an agency action. The reviewing court shall...
> (2)hold unlawful and set aside agency actions, findings and conclusions found to be
> (A)Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right,

power, privilege or immunity;

et. seq.

Plaintiff has asserted in his Complaint that notice was required pursuant to **5 U.S.C. § 552, 553**, for the <u>banning</u> of tobacco products at Talladega FCI. He has never claimed that notice was required for any other reason. Thus, the Defendants' argument that notice was made is simply not the case. Therefore, Plaintiff has, in fact, stated a claim for which relief can be granted. Defendants' Motion to Dismiss must be Denied.

Executed this 27 day of June, 2006.

Respectfully Submitted,

Michael A. Smith
Plaintiff, pro se
Reg. No. 10893-022
Federal Correctional Inst.
Box PMB 1000
Talladega, Al. 35160

5

BP-S288.052 INCIDENT REPORT CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution: FCI, TALLADEGA, AL

### Part I - Incident Report

| 2. Name Of Inmate | 3. Register Number | 4. Date Of Incident | 5. Time |
|---|---|---|---|
| | | | |

| 6. Place Of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| | | |

9. Incident Code 305 Possession of anything not authorized

11. Description Of Incident (Date: _____ 2006 Time: _____ Staff become aware of incident)
On May 31, 2006, I was assigned to the shakedown crew in _____ While searching the bed of inmate _____ Reg. No.: _____ I discovered a pack of Bugler cigarette paper in a plastic bag in between two mattresses. The plastic bag smelled of tobacco residue. Although Inmate authorized to have two mattresses, he is not allowed to have Bugler Cigarette paper.

The finding was turned over to SIS.

| 12. Signature Of Reporting Employee | Date And Time 05/31/06 10:35am | 13. Name And Title (Printed) CSW |
|---|---|---|

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 06 | 16. time Incident Report Delivered |
|---|---|---|

### Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident  They were mine - left over from when we could smoke - I forgot about it. There was no tobacco.

18. ✓ A. It Is The Finding Of The Committee That You: Committed The Following Prohibited Act. CODE 305
___ Did Not Commit A Prohibited Act.

B. ___ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. ✓ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information  Report which states a pack of cigarette paper was found in the inmates mattress.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)  LP COMM 90 days (suspended 180 days).

21. Date And Time Of Action  1/06 _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceeding.

Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)                          Replaces BP-288(52) Of Jan 88

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2006, I caused the foregoing Plaintiff's Response to Defendants' Motion to Dismiss, to be served on the Defendants, postage prepaid, addressed as follows:

Mercedeh Momeni
Assistant United States Attorney
555 4th Street, NW.
Washington, DC. 20530

Michael A. Smith, pro se
Reg. No. 10893-002
Federal Correctional Inst.
Box PMB 1000
Talladega, Al. 35160