UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


MICHAEL A. SMITH,

     Plaintiff,

v.

ALBERTO GONZALES, et al.,

     Defendant.

_____/

                                           Civil Action No.
                                           05-1629 (JDB)


## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Michael A. Smith, respectfully moves this Honor-able Court to grant plaintiffs' Motion for Summary Judgment based upon reasons specified herein, and supporting Memorandum of Points and Authorities.

## PRELIMINARY STATEMENT

The defendants' implementation of **28 CFR 555.162 (2)**, is in violation of the Federal Constitutions' Equal Protection com-ponent of the Fifth Amendment Due Process Clause. Thus, for reas-ons specified in supporting Memorandum of Points and Authorit-ies, and Affidavits in support thereof, Summary Judgment should be granted for the Plaintiff as a matter of law.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Michael A. Smith, is an inmate at the Federal Correctional Institution in Talladega, Alabama. (Talladega FCI)

On or about June 24, 2005, the Warden of Talladega FCI, D.B. Drew, announced the impending ban of all tobacco products

RECEIVED

JUN 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

stating that "Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding government property." Please see Warden  Drew's Memorandum, plaintiffs' Exhibit A of initial Complaint. The so called "initiative" was an outgrowth of the B.O.P. Program Statement **1640.04**, titled "Smoking/No Smoking Areas, see defendants' Exhibit 1.

Plaintiff alleged in his Amended Complaint, generally that no prior notice was given, as required under the **Administrative Procedures Act**, Title 5 U.S.C. § 552(a) and 553, that tobacco products would not be sold after September 12, 2005, and that thereafter all tobacco products would be considered contraband and subject to disciplinary sanctions. Also, that plaintiff has suffered and continues to  suffer mental and physical withdrawal from a 30 year smoking habit because he is unable to purchase tobacco products from the prison commissary. Comp.¶ 1,2,3.

Moreover, plaintiffs' Amended Complaint goes on to argue in paragraph #13 that: "Defendants' arbitrary and capricious implementation of **28 C.F.R. 551.162(2)**, has and is currently depriving plaintiff and all similarly situated persons of the enforcement of the equal  protection component of the due process clause of the Fifth Amendment. Whereas, plaintiff and all similarly situated persons are under the imminent threat of the loss of their liberty

2

and liberty interest for possessing, chewing or smoking any type of tobacco product. This allegation is based upon the fact that there are currently Federal Instituitions which are, at this time, allowing the purchase, possession and consumption of tobacco products without the loss, or the threat of loss of their liberty interest."

#14 "That defendants' reliance on and implementation of 28 C.F.R. § 551.162(2), is unconstitutional where it conflicts with the mandate of 28 C.F.R. §551.163; where "the Warden shall indentify 'smoking areas', ordinarily outside of all buildings and away from all entrances so as not to expose others to second hand smoke". This provision gives the Warden no discretion to refuse to do so. Enforcement of section 551.162(2), renders that provision unconstitutionally ambiguous and unenforceable. Thus, plaintiff is being deprived of the rights secured under the Constitution and laws of the United States Government by the continual implementation of 28 C.F.R. 551.162(2).

## LEGAL ARGUMENTS

Plaintiff asserts that defendants' arbitrary and capricious impementation of 28 C.F.R. 551.162(2), violates his right to equal protection of the law and must be ruled unconstitutional as applied.

On September, 12, 2005, tobacco products became contraband at the Federal Correctional Institution at Talladega. Effectively **criminalizing** tobacco products. Smoking and or the possession of tobacco has resulted in disciplinary actions. Typically an inmate found to be smoking or in possession of tobacco will be placed in administrative segregation. The inmate will receive a "lock-up

3

order" soon thereafter, informing the inmate of the reason for his

detention. Again, typically, the detention order will reflect,

simply "under investigation". Within 24 hours the inmate will re-

ceive an incident report, charging the inmate with the possession

and/or smoking of tobacco. (See Exhibit T, attached hereto.) See

also **28 C.F.R. 541.12** et. seq.

The attached Exhibit T is an example of the typical incident

report. Certain information has been redacted to protect the ind-

ividual who's incident report this is. The report is only meant to

show the possible sanctions that are being imposed. For example,

item 20 on the incident report reflects the recommendation made by

the unit staff, to the Disciplinary Hearing Officer, that the inmate

receive sanctions of 20 days in disciplinary segregation, solitary

confinement; loss of 14 days good time credit; and, 90 days loss

of commissary privileges. See also **28  C.F.R. 541.13(3)** Moderate

Category Code 305, Sanctions A through N.

The provisions relied upon by Warden Drew to implement his

total ban on smoking and/or possessin of tobacco products at Tall-

adega FCI are found at **28 C.F.R. 551.162(2)**. Where it reads as

follows:

> (2) The Warden, with the Regional Directors
> concurrence, may choose not to designate
> smoking areas for general use. Once this
> occurs, the Reigional Directors' concur-
> rence is required if the Warden later
> chooses to designate smoking areas for
> general use at the institution.

This provision is being interpreted by  the defendants as

granting the Warden at each institution the authority to ban,

out-right, any and all tobacco products, and to impose disciplinary sanctions on any prisoner found to be in possession of or smoking tobacco products. (See plaintiffs' Exhibit T, and Ex. A "The Drew Memo".) This is further born out by the commentary found in the Federal Register Vol. 69, No 571, Wednesday , March 24, 2004, Rule and Regulations 13735, where the commentator states:

> "By further allowing the Warden the dis-
> cretion not to designate any smoking areas
> for general use if the Regional Director
> concurs, the Bureau is essentially adopt-
> ing the recommendations of several of the
> commenters. If an institution did not have
> designated smoking areas for general use,
> that institutions commissary would not have
> corresponding  tobacco products available
> for sale."

The commentator further states:

> "...the Bureau, in a separate document (64
> F.R. 9432), proposed to elevate violations
> of the smoking policy from a low-moderate
> category act to a moderate category prohib-
> ited act."

In the greater United States, there are Six Bureau of Prisons Regions. Within these Regions there are approximately 90 Bureau of Prisons facilities. At each of these facilities, the Warden, according to the defendants interpretation, may or may not elect to ban the possession and/or smoking of tobacco products.

Moreover, when the Warden does elect to ban tobacco products, he enforces the ban by placing sanctions on the prohibited act. These sanctions, as demonstrated below, reach into areas protected by the Constitution. Where for example, at Talladega FCI, prisoners are being subjected to the most draconian sanctions avaliable. See **28 C.F.R. §541.13**, Code 305 Sanctions A through N., and plaintiffs' Exhibit T. Whereas, loss of good time credit and solitary confinement are the most Constitutionally protected under these circumstances. See <u>Wolff v. McDonnell</u>, 418 US. 539, 41 L.Ed. 2d 935, 94 S.Ct. 2963. While at other Bureau of Prisons facilities the prisoners are enjoying an after meal smoke at the designated, out door smoking areas without the threat of being thrown in the "hole" and loosing good time credits, among other sanctions. (Please note, contrary to the vein of discussion in the Federal Register, at the time of Warden Drews' ban at Talladega FCI, there were numerous, outdoor smoking pavilions. **After** said ban, the roofs were removed from the pavilions.)

Plaintiff is asking the Court to apply a rationality review of this matter. In cases involving a  rationality review, a court must apply substantially the same analysis to both substantive due process and equal protection challenges. <u>Eastern Enterprises v. Charter</u>, 110 F.3d 150. Equality of right is fundamental in both, and each forbids legislation arbitrarily discriminating against some and favoring others in like circumstances.

Moreover, the Fourteenth Amendment mandates that, "[n]o state shall make or enforce any law which shall ...deny to any person within it's jurisdiction the equal protection of the laws."

6

**U.S. Const. Amend. XIV § 1.** This guarantee of equal protection applies to the Federal government through the Fifth Amendment, Due Process Clause, see <u>Schweiker v. Wilson</u>, 450 U.S. 221, 226 @ n.6, 101 S.Ct. 1074, 67 L.Ed.2d 186, (1981), and provides that a statute shall not treat similarly situated persons differently unless the dissimilar treatment is rationally related to a legitimate legislative objective. See, eg., <u>Kadrmas v. Dickinson Public Schools</u>, 487 U.S. 450, 457, 108 S.Ct. 2481, 101 L.Ed.2d 399, (1988).

Quite frankly , there is no rational reason for enforcing a ban on tobacco products, with sanctions such as loss of good time credits and solitary confinement at one facility and not at another facility in the same jurisdiction. Sanctioning tobacco products at one institution and not at another does not advance the defendants' stated goal of a clean air environment. See **28 C.F.R. § 551.160.** Neither does section **551.162(2)**, Which as interpreted by the defendants, advance the stated goal. Where the Warden, with the Regional Directors' concurrence, may sanction any and all tobacco products. An obvious example of the defendants abuse of this power is evidenced by Warden Drews' ban, with sanctions, of smoke-**less** tobacco products, which have nothing to do with alleged goals.

Indeed, a fair reading of this provision would grant the Warden  the authority to sanction "smoking out of bounds" only. However, the fact remains that each warden, according to the defendants' interpretation, may ban, with sanctions, or not.

The Due Process Clause of the Federal Constitutions' Fifth Amendment mandates where life, liberty or property, and the right

to the equal protection of the law, be analized by the reviewing court under a strict scrutiny standard. The Constitution requires that the above rule treat similarly situated persons (prisoners) similarly. In fact, the Supreme Court has said that central to both, the idea of the rule of law and to the Constitutions guarantee of equal protection, is the principle that government and each of its' parts remain open and on impartial terms to all who seek its' asssistance. See <u>Romer v. Evans</u>, 517 U.S. 620, 116 S.Ct. 1620, 134 L.Ed.2d 855.

## CONCLUSION

Clearly, section **551.162(2)** should be declared unconstitutional because it violates the equal protection component of the Federal Constitutions' Fifth Amendment. Where the enforcement of that section treats similarly situated prisoners differently, as demonstrated above. Thus, Plaintiff would ask the Court to rule as such and direct the Defendants to implement section **551.162(b)(1)** to give **28 C.F.R. § 551.160** et.seq. force and effect.

Executed this _27_ day of June, 2006.

Respectfully Submitted,

_Michael A. Smith_
Michael A. Smith, pro se
Reg. No. 10893-022
Federal Correctional Institution
Box PMB 1000
Talladega, Al. 35160

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22 day of June, 2006, I caused the foregoing Plaintiff's Motion for Summary Judgment to be served on the Defendants, postage pre-paid, addressed as follows:

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW.
Washington, DC. 20530



_____
Michael A. Smith
Plaintiff, pro se
Reg. No. 10893-002
Federal Correctional Inst.
Box PMB 1000
Talladega, Al. 35160

P-S288.052 INCIDENT REPORT CDFRM
May 1994

U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

| 1. Name of Institution: F.C.I. Talladega |
|---|

| PART I - INCIDENT REPORT | | | |
|---|---|---|---|
| 2. Name of Inmate | 3. Register Number | 4. Date of Incident<br><br>2006 | 5. Time |
| 6. Place of Incident | 7. Assignment | 8. Unit | |

| 9. Incident:<br>Possession of anything not authorized | Code:<br>305 |
|---|---|

11. Description of Incident  (Date:    /06    Time:        (staff became aware of incident)

On (        )6, at approximately     p.m, while conducting a random shakedown of cell        discovered one pack of Bugler Tobacco (            Continuing my search, I discovered .                              two packs of Bugler Tobacco

| 12. Signature of Reporting Employee: | Date and Time<br>)6 at | 13. Name and Title (printed) |
|---|---|---|

| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered | 16. Time Incident Report Delivered |
|---|---|---|

PART II - COMMITTEE ACTION

17. Comments of Inmate to Committee Regarding Above Incident  I admit to possessing the Bugler tobacco!

18. A. It is the finding of the Committee that you:
_____ Committed the following prohibited act.

_____ Did not commit a prohibited act.    305

B. ✓ The Committee is referring the charge(s) to the DHO for further hearing

C. _____ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days.

19. Committee Decision is based on the following information: This incident Rpt is being referred to DHO for further hearing based on the writer's account and inmate's admission to possessing the tobacco.

20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act) It Stand to have Committed the prohibited act 305 UDC Recommend 20 DS, 14DGCT, 90 DAYS LOSS of Commissary

21. Date and Time of Action          8:35am         The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| Chairman (typed name/signature) | Member (typed name) | Member (typed name) |
|---|---|---|

ord Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation



UNITED STATES GOVERNMENT

# memorandum

Federal Correctional Institution
Talladega, Alabama 35160

June 24, 2005

MEMORANDUM FOR ALL INMATES

FROM:        D. B. Drew, Warden

SUBJECT:     Tobacco Free Initiative

FCI Talladega is acting on the initiative to become a tobacco free institution. Effective July 1, 2005, the Commissary will no longer re-order tobacco products for sale. All remaining tobacco products will continue to be sold until August 29, 2005. After this date, tobacco products will no longer be sold in the commissary.

Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding government property.

A Smoking Cessation Program is available to all interested inmates. An associated component of this program is Nicotine Replacement Therapy (NRT). Nicotine Replacement patches are available for purchase through the Commissary by Special Purchase Order (SPO). Purchase of nicotine replacement patches will not count against the inmates monthly purchase limit. See the Psychology Services Department for enrolling into this program.

Religious ceremonies requiring tobacco products will be coordinated with the Religious Services Department and Correctional Services.

If you have any questions or concerns, you may contact your Unit Manager.

Exh "A"