IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH,
    Plaintiff,

V.

ALBERTO GONZALES,
United States Attorney General,
in his Personal and Official
capacity.

HARLEY G. LAPPIN, Director,
United States Bureau of Prisons,
in his Personal and Official
capacity.

RAY HOLT, Southeast Regional
Director, United States Bureau of Prisons,
in his Personal and Official capacity.

D.B. DREW, Warden, Federal
Correctional Institution at Talladega,
in his Personal and Official capacity.
    Defendants.
_____/

Civil Action No.
05-1629 (JDB)

AMENDED COMPLAINT
PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT
TITLE 5 U.S.C. §§ 552, 553

Comes now, the Plaintiff and for his cause of action against the Defendant alleges:

JURISDICTION

This Court has jurisdiction over this cause of action pursuant to **Title 5 U.S.C. §§ 702 and 703.**

1. On or about June 24, 2005, defendants, by and through correctional officer staff at FCI Talladega, held a tow

RECEIVED
JUN 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

meeting to inform plaintiff and the entire inmate population that pursuant to the "Tobacco Free Initiative" (see Memorandum To All Inmates attached hereto as Exhibit "A"), that starting July 1, 2005, the inmate commissary will no longer be stocking tobacco products and that on September 12, 2005, all tobacco products would be considered contraband in and around the institution and its property. No prior notice was given as required by 5 U.S.C. § 552(a) et. al. and § 553 et.al.

2. On or about June 24, 2005, the same day of the above announcement a run on tobacco products started at the inmate commissary. Two days later, the commissary was effectively sold out of tobacco products. Due to the rotation of release from the housing units to the commissary only those units first out were able to purchase tobacco products. For instance, the commissary only stocked so much at the store. Therefore, the store was sold out of tobacco products after the first two housing units for that day. The next day the commissary would re-stock from the warehouse. Again the same units would buy out the store. A vast majority of the tobacco products sold went to fill the new black market.

3. Soon thereafter, within days of the announcement, the institution experienced a rash of locker break-ins, including plaintiff's locker, where only tobacco products were taken; there have been instances of extortion and threats of extortion of inmates. The price of one cigarette is from 40¢ to 50¢. A pack of rolling tobacco is $10.00 to $12.00. All within days of the announcement and posting of the Memorandum, and before

2

the cut off date to purchase tobacco products from the inmate commissary.

4. Because defendants failed to give the required notice pursuant to 5 U.S.C. §§ 552(a) and 553(c) of the Administrative Procedure Act; plaintiff has suffered and is continuing to suffer mental and physical withdrawals from a 30 year smoking habit where he is unable to purchase tobacco products from the commissary.

5. Because of the defendants failure to comply with provision of the Administrative Procedure Act requiring each agency to make available information and publish in the Federal Register for guidance according to 5 U.S.C. § 552(a) et.al. has caused and will cause plaintiff to suffer exclusion from any program utilizing Nicotine Replacement Therapy(NRT) in stemming his 30 year nicotine addiction because there is no viable program for indigent inmates for which plaintiff is one.

6. Because defendants failed to comply with provisions of the act, plaintiff has suffered and continues to suffer in an environment of violent graft and corruption where defendants failure has created a black market for tobacco products where extortion threats and locker break-ins are rampant.

7. Due to the defendants failure to comply with sections 553(a)of Title 5 there exists now and will exist in the future a terrifying magnitude of graft and corruption within the correctional staff because they are exempt from any tobacco ban and are free to bring into the institution any tobacco products they choose.

8. Therefore, that defendants in violation of sections 3 and 4 of the Administrative Procedure Act, 5 U.S.C. §§ 552 and 553, failed to publish in the Federal Register notice of Rule making and the text of numerous rules and regulations issued in the administration of Federal penal and correctional institutions by reason of which failures the plaintiff suffered, and was threatened by loss of rights and privileges and became entitled to injunctive relief.

9. Plaintiff has already suffered and continues to be immediately threatened by severe and irreparable injuries by the reason of the defendants' failure to comply with the requirements of the Administrative Procedure Act.

10. Plaintiff will now, and in the future continue to be without adequate notice of knowledge of the Rules and requirements embodied in the so-called "Tobacco Free Initiative", promulgated by defendants.

11. Accordingly, plaintiff is now, and will in the future continue to be, denied adequate opportunities to contest the validity of such Rules, to participate in the formulation of such Rules, to contest the application of such Rules. As a result plaintiff is threatened by loss of privileges and rights by the imposition of disiplinary measures and other severe losses and injuries.

12. Wherefore, plaintiff prays for judgment against defendants for injunctive relief pursuant to Title 5 U.S.C. § 705.

13. That defendants' arbitrary and capricious implementation of **28 CFR 551.162 (2)**, (smoking ban), has and is currently depriving plaintiff, and all similarly situated persons of the enforcement of the equal protection component of the due process clause, of the Fifth Amendment. Whereas, plaintiff, and all similarly situated persons are under the imminent threat of the loss of their liberty and liberty interest for possessing any type of tobacco products and/or for smoking same. This allegation is premised on the fact that there are currently Federal Institutions, which, at this time, are allowing the purchase and consumption of tobacco products without the loss or the threat of the loss of their liberty interest.

14. That defendants' relience on and implementation of **28 CFR §551.162(2)** is unconstitutional where in conflicts with the mandate of **28 CFR 551.163**, which states "the Warden shall identify 'smoking areas', ordinarily outside of all buildings and away from entrances so as not to expose others to second hand smoke." This provision gives the Warden no discretion to refuse to do so. Furthermore, enforcement of **§ 551.162(2)** renders that provision unconstitutionally ambiguous and unenforceable. Thus, plaintiff is being deprived of the rights secured under the Constitution and laws of the United States, by the continual implementation of **28 USC 551.162(2)** smoking /no smoking areas.

Executed this 27th day of June, 2006.

_____
Michael A. Smith
Plaintiff, pro se



UNITED STATES GOVERNMENT

# memorandum

Federal Correctional Institution
Talladega, Alabama 35160

June 24, 2005

MEMORANDUM FOR ALL INMATES

FROM:   D. B. Drew, Warden

SUBJECT:   Tobacco Free Initiative


FCI Talladega is acting on the initiative to become a tobacco free institution. Effective July 1, 2005, the Commissary will no longer re-order tobacco products for sale. All remaining tobacco products will continue to be sold until August 29, 2005. After this date, tobacco products will no longer be sold in the commissary.

Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding government property.

A Smoking Cessation Program is available to all interested inmates. An associated component of this program is Nicotine Replacement Therapy (NRT). Nicotine Replacement patches are available for purchase through the Commissary by Special Purchase Order (SPO). Purchase of nicotine replacement patches will not count against the inmates monthly purchase limit. See the Psychology Services Department for enrolling into this program.

Religious ceremonies requiring tobacco products will be coordinated with the Religious Services Department and Correctional Services.

If you have any questions or concerns, you may contact your Unit Manager.

## AFFIDAVIT OF SERVICE OF PROCESS

I, MICHAEL A. SMITH, Plaintiff in this action, do attest now and affirm under penalty of perjury, that the foregoing is true and correct. That pursuant to FEd.R.Civ.P., Rule 4(i)(1)(A)(b), where service upon the United States, and its agencies, corporations or or Officers, is by sending a copt of the summons and of the Complaint by registered or certified mail to the parties to recieve service of precess. That on this day, I placed in the United States Mail, at Talladega FCI mail room, a copy of the summons and Amended Complaint, postage pre-paid, addressed to the following:

ALBERTO GONZALES
United States Attorney General
950 Pennsylvania Avenue, NW.
Washington, DC. 20530-0001

HARLEY G. LAPPIN
Director, Federla Bureau of Prisons
320 First Street, NW.
Washington, DC. 20534

RAY HOLT
Southeast Regional Director,
Federal Bureau of Prisons
3800 Camp Creek Parkway, SW. Bldg. 2000
Atlanta, GA. 30331-6226

D.B. DREW, Warden,
Federal Correctional Inst. at Talladega
565 East Renfroe Road
Talladega, AL. 35160

Executed this the 27th day of June, 2006.

Michael A. Smith
Reg. No. 10893-002
Federal Correctional Inst.
Box PMB 1000
Talladega, Al. 35160