UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Michael A. Smith,**

**Plaintiff,**

**v.**

**Alberto Gonzales,** *et al.*,

**Defendants.**

**Civil Action No.  05-1629 (JDB)**

**MEMORANDUM OPINION**

In this action brought under the Administrative Procedure Act, 5 U.S.C. §§  701 *et seq*.,

plaintiff challenges the implementation of the Bureau of Prisons' Tobacco Free Initiative at the

Federal Correctional Institution in Talladega, Alabama.  Plaintiff moves for summary judgment

and defendants cross move for summary judgment and to dismiss the amended complaint on the

ground, among others, that plaintiff failed to exhaust his administrative remedies before initiating

this action.  Upon consideration of the parties' submissions and the entire record, the Court will

grant defendants' motion for summary judgment, deny plaintiff's motion for summary judgment,

and dismiss the complaint without prejudice.

Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The United

States Supreme Court has held that "the PLRA's exhaustion requirement applies  to all inmate

suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

(2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules . . . ." *Woodford v. Ngo,* 126 S.Ct. 2378, 2386 (2006).

Pursuant to BOP regulations, an inmate must first seek informal resolution of his

grievance and, if unsuccessful, file a "Request for Administrative Remedy." If the inmate is not

satisfied with the response to the request, "he may formally appeal to the Regional and Central

Office Levels." Def.'s Ex. 1, Declaration of Van Vandivier ¶ 2 (citing 28 C.F.R. § 542.10 *et*

*seq*.) [Dkt. No. 26]. Plaintiff has not refuted BOP's declaration stating that it has no record of

him having "submitted any Requests for Administrative Remedy and appeals." *Id*. ¶ 4. The

Court therefore finds that no genuine issue of material fact exists with respect to plaintiff's

failure to exhaust administrative remedies. Pursuant to the PLRA, defendants therefore are

entitled to judgment as a matter of law. A separate Order accompanies this Memorandum

Opinion.

s/

JOHN D. BATES
United States District Judge

Dated:   January 12, 2007