UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SMITH,                          :
          Plaintiff,                       :
                                           :
                                           :    CIVIL ACTION NO.
V.                                         :    05-1629 (JDB)
                                           :
                                           :
ALBERTO GONZALES, et. al.,                 :
          Defendants.                      :
_____/          :

PLAINTIFF'S OPPOSITION TO: DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND TO
DISMISS PLAINTIFF'S AMENDED COMPLIANT
AND OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

Comes Now Plaintiff, Michael A. Smith, in the above
captioned and numbered action now before this Court. And brings
this; Plaintiff's Opposition to Defendant's Motion for Summary
Judgment and to Dismiss Plaintiff's Amended Complaint and
Opposition to Plaintiff Motion for Summary Judgment. And will
state his opposition as follows:

1. That the Defendants are not entitled to have Plaintiff's
Amended Complaint dismiss.

2. Plaintiff has state a number of claims any of which the
court may grant relief.

3. Plaintiff is not required to exhaust his administrative
remedies.

4. Warden D.B. Drew did in fact violate the APA when he
implemented the Tobacco Free Initiative.

5. Warden D.B. Drew did act arbitrarily and capriciously where he interpreted 28 CFR § 551.162(b)(2) to implement the Tobacco Free Initiative.

6. That Defendants violated and are currently violating Plaintiff's, and all similarity situated persons, of the rights and protections secured by the equal protection component of the due process clause of the Fifth Amendment to the Constitution.

## INTRODUCTION

Plaintiff, Michael A. Smith, federal register number 10892-002, is an inmate currently incarcerated at the Federal Correctional Institution in Talladega, Alabama ("FCI Talladega").

On or about June 25, 2005, FCI Talladega's Warden Drew announced the impending implementation of a Tobacco Free Initiative. This initiative was an outgrowth of the BOP Program Statement 1640.04. Plaintiff alleges that the Bureau of Prisons violated the rule making requirement of the Administrative Procedure Act by instituting the Initiative, at FCI Talladega, without providing him with the notice required by 5 U.S.C. §§ 552 and 553. Amended Complaint ¶ 1, 4, 5, 7 and 8. In his Amended Complaint, Plaintiff also alleges that Defendants, by implementing the Initiative, committed an arbitrary and capricious act and otherwise acted contrary to the equal protection clause of the Fifth Amendment to the U.S. Constitution. Amended Compl. ¶¶ 13 and 14.

The Defendants current motion should be denied and Plaintiff, Motion for Summary Judgment be granted for the foregoing reasons.

2

## ARGUMENT

Part I at subpart A of Defendants Motion for Summary
Judgment, Defendants allege that Rule 56(c) provides that summary
judgment is proper "if the pleadings, depositions, answers to
interrogations and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment
as a matter of law."

Indeed, the Defendants have tendered, in support of their
Motion for Summary Judgment, "Defendants Statement of Material
Facts as to which there is no genuine dispute." With a
"Declaration of Van Vandivier" who generally stated that he is in
a position with the Bureau of Prisons to monitor any records of
administrative remedy filings, and that his findings were; that
there was no administrative remedies filed in regards to
Plaintiff. In fact, Plaintiff acknowledges that fact. But the
complexion of this case is not one that fits the Defendants
pigeon hole.

The Defendants assume, from what Plaintiff gathers from the
above, that because Plaintiff did not exhaust his administrative
remedies, the Court must rule in their favor and grant their
Motion for Summary Judgment because there is no dispute as to the
fact that he did not exhaust his administrative remedies as a
prerequisite to judicial review, and thus can not show any
dispute as to any material fact.

Using as a standard of review, in this instance,
Fed.R.Civ.P. 56(c) is not appropriate. Whether Plaintiff had

3

unrecoverable through administrative action, then exhaustion is not required, and the Court should not hesitate to review the agency action. <u>Green v. United States</u>, 376 U.S. 149, 163, 84 S.Ct. 615, 11 L.Ed.2d 576 (1963); See also <u>Fort Sumter Tours Inc. v. Andrus</u>, 440 F.Supp. 914 (1977).

In this instant matter, Plaintiff has alleged that the very nature of the implementation of 28 CFR § 551,162(2) has and is currently depriving Plaintiff and all similarly situated persons of the enforcement of the equal protection component of the due process clause of the Fifth Amendment to the Constitution. Whereas, all similarly situated persons have lost and are under imminent threat of the loss of their liberty interest where others who are similarly situated are not.

Moreover, the Courts are in substantial agreement that a given case it is not the label affixed to the action of the agency, but rather a realistic appraisal of the consequences of the action which must govern. The ultimate test of reviewability is not to be found in an over-refined technique, but in the need for review to protect from irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow. <u>Fort Sumter Tours, Inc.</u> Id.

Indeed, the consequences of the implementation of 28 CFR § 551.162(2), as out-lined in Plaintiff's Motion for Summary Judgment, involves Plaintiff and all similarly situated persons rights secured by the Constitution. <u>See</u> Plaintiff's Motion for Summary Judgment. Thus, in turn involve a narrow principal of

5

law the Constitution reposes in the Courts, not the administrative agencies, responsibility for determining legal questions. This finding is supported by the decision in McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1968).

The second factor which should require the Court to act now, is the futility of any further administrative action. Further exhaustion is not mandated when such a course would be to no avail. See, e.g., N.L.R.B. v. Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO, Local 22, 391 U.S.418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). In the present case, the decision which deprived Plaintiff and all similarly situated persons of their constitutionally protected rights emanated from the upper levels of the Justice Department in its office of the Bureau of Prisons. Indeed, the Bureau has exercised their particular experties in drafting 28 CFR § 551.162(2), and have fallen short in avoiding an error of constitutional dimension. Thus, it is incumbent upon the Court to rule on this narrow question of law now.

## II. THE DEFENDANTS VIOLATED 5 U.S.C. §§ 553(b) and (c); NOTICE AND COMMENT RULES

The APA requires that before an agency promulgates "legislative rules or regulations," it must first provide all interested parties to comment and participate in the rule making process. See 5 U.S.C. §§ 553(b) and (c).

On September 12, 2005, Defendants, by and through Warden D.B. Drew, banned all tobacco products at the Federal Correctional Institution at Talladega, Alabama. Plaintiff asserts

6

that this ban is a substantive rule change subject to the rules
governed by the notice and comment requirement of 5 U.S.C. § 553,
and not an "interpretive rule" or "general statement of policy."
The Memorandum in question stated, in pertinent part:

> "Effective September 12, 2005, FCI Talladega will
> be tobacco free. Inmates will no longer be
> permitted to smoke or be in possession of tobacco
> products within the institution and surrounding
> property. After September 12, 2005, cigars,
> cigarettes, pipes, other lighted tobacco
> products, chewing tobacco, and other smokeless
> tobacco products will be considered contraband
> within the institution and surrounding government
> property."

This rule effectively criminalized all aspects related to
tobacco and tobacco products, i.e. possession of rolling papers,
pipes, (whether in use or not), [see Plaintiff Exhibit "M"],
smokeless tobacco and the simple possession of tobacco. There is
no reference to the above mention in 28 C.F.R. § 551.160. The
purpose and scope states: "To advance towards becoming a clean
air environment and to protect the health and safety of staff and
inmates, the Bureau of Prisons will restrict areas and
circumstances where smoking is permitted within its institutions
and offices." Further section 551.161 states: Definitions. "For
the purpose of this subpart, smoking is defined as carrying and
inhaling a lighted cigar, cigarette, pipe, or other lighted
tobacco product." Other provisions of § 551.160 et. seq., define
smoking/no smoking areas and under what circumstances only. No
where do these provisions ban smokeless tobacco nor tobacco
paraphernalia. It does not ban anything whatsoever. Additionally,
Program Statement (PS) 1640.03, simply mimics 28 C.F.R. §
551.160, et. seq.

7

Clearly Warden Drew's Memorandum banning all chewing tobacco, tobacco product and tobacco paraphernalia was an interpretive rule construing the BOP's substantive regulation concerning 28 C.F.R. § 551.160, subpart N—Smoking/No Smoking Areas. In this regard, as noted by the D.C. Circuit Court in Syncor Intern. Corp. v. Shalala, 127 F.3d. 90 (D.C. Cir. 1997); the Court observed:

> "We should note, in order to be complete (although this variation is not implicated in the case before us), that an interpretive rule can construe an agency's substantive regulation as well as statute. See Paralyzed Veterans, 117 F.3d. at 586; American Mining Congress, 995 F.2d. at 1107-08. In that event, the interpretive rule is, in a sense, even more binding on the agency because its modification, unlike a modification of an interpretive rule construing a statute, will likely require a notice and comment procedure. Otherwise, the agency could evade its notice and comment obligation by "modifying" a substantive rule that was promulgated by notice and comment rule making. See Paralyzed Veterans, 117 F.3d. at 586."

Syncor Intern. Corp v. Shalala, 127 F.3d. at 94-95.

It is apparent, in light of the above, that the Defendant Drew's Memorandum of June 25, 2005, is not an interpretive rule. It does not purport to construe any language in a relevant statute or regulation; it does not interpret anything, "but rather, is fundamentally new regulation." For that reason alone, it is a substantive rule subject to Administrative Procedure Act's notice and comment procedures. Therefore, the Defendants are in violation of the "Act."

8

III.  **WARDEN DREW ACTED ARBITRARILY AND CAPRICIOUSLY UNDER 5 U.S.C. § 706 WHEN HE INTERPRETED 28 C.F.R. § 551.162(b)(2), THE SO CALLED TOBACCO FREE INITIATIVE.**

Pursuant to 5 U.S.C. § 706, a court may hold unlawful and set aside an agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ..." 5 U.S.C. § 706(2)(A).

According to the Defendants, Warden Drew chose to implement § 551.162(2) which states:

> (2) "The Warden, with the Regional Director's concurrence, may choose not to designate smoking areas for general use. Once this occurs, the Regional Director's concurrence is required if the Warden later chooses to designate smoking areas for general use at the institution."

In contrast, Warden Drew's Memorandum implementing the above section states in pertinent part:

> "Effective September 12, 2005, FCI Talladega will be tobacco free. Inmates will no longer be permitted to smoke or be in possession of tobacco products within the institution and surrounding property. After September 12, 2005, cigars, cigarettes, pipes, other lighted tobacco products, chewing tobacco, and other smokeless tobacco products will be considered contraband within the institution and surrounding property."

A fair comparison of the two would indicate that Defendant Drew exceeded the mandates in § 551.162(2), and the very purpose of § 551.160 et. seq. No where in these provisions does it mention smokeless tobacco, rolling papers (See Plaintiff Exhibit "M") or any other paraphernalia remotely related to tobacco. It should be noted that, not only have these items, and more, are considered contraband, inmates are losing earned good time credit, and time in the "hole" for simply being in possession

9

of a rolling paper, as Plaintiff has shown. Surely the Warden's actions are "arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law." § 706(2)(A).

The whole of the Defendants' argument is based on the premises that the Plaintiff was arguing that the Warden's decision to institute the Initiative and to stop selling tobacco products in the prison's commissary some how violated the arbitrary and capricious standard is simply wrong headed. Plaintiff argues that: 1) the Warden banned <u>all</u> tobacco products; 2) the Warden banned everything that could be remotely related to tobacco products; and 3) placed severs sanctions thereon.

To demonstrate how wrong headed the Defendant is on this issue, the Defendants' state:

> "For these same reasons, Plaintiff contention that smokeless tobacco should not be removed from sale at the commissary is also moot because smoking is defined in 28 C.F.R. § 551.161 as "carrying or inhaling a lighted cigar, cigarette, pipe, or other lighted tobacco products" and "not by whether or not the tobacco emits smoke."

What we have here is an oxymoron. The definitions found at § 551.161 state, "For purpose of this subpart, smoking is defined as carrying or inhaling a lighted cigar, cigarette, pipe or other lighted tobacco product." (See § 551.161). Obviously one can not smoke smokeless tobacco. The Warden simply abused his discretion.

This Court should find that Defendant Drew acted arbitrarily, capriciously and abused his discretion under 5 U.S.C. § 706(2)(A).

10

IV.  **THE DEFENDANTS VIOLATED § 706 BY ACTING CONTRARY TO THE FIFTH AMENDMENT OF THE CONSTITUTION BY IMPLEMENTING 28 C.F.R. § 551.162.**

A court may hold unlawful and set aside an agency action found to be "contrary to constitutional right, power, privilege or immunity ..." 5 U.S.C. § 706(2)(B).

The Defendants argument on this issue is misleading as to the constitutional claim Plaintiff has put foreward. First of all, Plaintiff did not claim that smokers in general are a protected class of people. Nor is Plaintiff claiming that his rights are being violated because prisoners at one institution can smoke while he can not at FCI Talladega. It is disingenuous for the Defendants to put forward such an argument.

Plaintiff constitutional claim is quite clear in Plaintiff's Motion for Summary Judgment, therefore, for the sake of brevity, Plaintiff will simply state, "Quite frankly, there is no rationale reason for enforcing a ban on tobacco products, with sanctions such as loss of good time credits and solitary confinement at one facility and not at another facility in the same jurisdiction." See Plaintiff's Motion for Summary Judgment.

V. **CONCLUSION**

Based on the foregoing and as the record reflects, Plaintiff is entitled to judgment as a matter of law.

RESPECTFULLY SUBMITTED,

MICHAEL A. SMITH
Plaintiff


MICHAEL A. SMITH
REG. NO. 10893-022
FEDERAL CORRECTIONAL INSTITUTION
PMB 1000
TALLADEGA, AL 35160

11

## CERTIFICATE OF SERVICE

I, hereby certify that on this 27ᵗʰ day of December, 2006, I caused the foregoing Plaintiff's Opposition to: Defendant's Motion For Summary Judgment And to Dismiss Plaintiff's Amended Complaint And Opposition to Plaintiff's Motion For Summary Judgment to be served on Defendants, postage prepaid, addressed as follows:

Mercedeh Momeni
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530


_Michael A. Smith_
Michael A. Smith
Reg. No. 10893-022
Talladega F.C.I.
PMB 1000
Talladega, AL 35160

over

Michael A. Smith
# 10893-022
Talladega Federal Correctional Institution
PMB 1000
Talladega, AL 35160

Mercedeeh M[...]
Assistant United States [...]
555 4th Street [...]
Washington DC 20[...]